Pioneer Finance Company, William J. Scully, Charles W. Stetzer, Martin C. Stetzer, David G. Stetzer and Rita T. Stetzer, Appellants, v. Commonwealth of Pennsylvania, Pennsylvania Securities Commission, Appellee.

Argued September 8, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alan Z. Lefkowitz,* with him *Raymond M. Komichak,* and *Kaplan, Finkel, Lefkowitz Roth & Ostrow,* for appellants.

*Carl F. Safanda,* Chief Counsel, with him *Martin H. Aussenberg,* Counsel, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, October 28, 1975:

This is an appeal by Pioneer Finance Company, William J. Scully, Charles W. Stetzer, Martin C. Stetzer, David G. Stetzer and Rita T. Stetzer (appellants) from a final order of the Pennsylvania Securities Commission, dated April 30, 1974. That order revoked the exemptions from registration claimed by appellants and barred the individual appellants for a period of four years from being associated with any broker dealer, investment adviser, or issuer selling securities. The issue in this case is whether the Commission may hold an evidentiary hearing after withdrawing the order which the hearing was scheduled to consider. We conclude that the Commission may not do so and, therefore, reverse.

On January 9, 1974, the Commission issued a summary order which directed the appellants to cease and

desist from engaging in certain practices alleged to be illegal. The summary cease and desist order notified appellants that they could request a hearing "with respect to this Order" pursuant to Section 607 of the Pennsylvania Securities Act of 1972 (Act), Act of December 5, 1972, P.L. 1280, 70 P.S. §1-607.[1] On January 29, 1974, the appellants requested a hearing. On April 12, 1974, the appellants submitted a hearing memorandum which set forth nine issues to be considered at the hearing on the cease and desist order. The hearing was held on April 16, 1974, and the first issue considered by the Commission was the appellant's argument that the Commission did not have statutory authority to issue the summary cease and desist order and that, therefore, the Commission should withdraw the order. Counsel for the appellants argued that the Commission may issue summary orders only in certain situations specified in the Act,[2] none of which were applicable in the instant case, and that the Commission is subject to the Administrative Agency Law[3] which requires a hearing before an order can "be valid as to any party."[4]

After hearing this argument, the Commission vacated the cease and desist order. At this point counsel for appellants moved that the proceedings be terminated. The Commission rejected the motion, however, and ruled that

1. Section 607(a) of the Act reads as follows:

"(a) Within thirty days after any order has become effective without a hearing, *any interested party may apply to the commission for a hearing in respect to any matters determined by the order,* and a hearing shall be held within thirty days after the application is filed. After the hearing the commission *may modify the order* as it deems appropriate." (Emphasis added.)

2. See Sections 204(b), 208(c) and 305(d) of the Act, 70 P.S. §§-204(b), 1-208(c) and 1-305(d).

3. Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.1 et seq.

4. Section 31 of the Administrative Agency Law, 71 P.S. §1710.31.

it would proceed with the evidentiary hearing. After the hearing the Commission issued an interlocutory order, effective for 30 days, denying and revoking any exemptions from registration claimed by appellants. On April 30, 1974 the Commission issued its final adjudication, and on June 3, 1974 appellants filed their appeal in this Court.

Appellants raise numerous issues in their appeal, but we need only consider one. Appellants contend that the Commission erred by proceeding with the evidentiary hearing after the cease and desist order had been vacated. We agree. The April 16, 1974 hearing was scheduled at the request of the appellants to consider issues determined by the cease and desist order. The withdrawal of the cease and desist order was the withdrawal of the entire procedural basis for the hearing. After the withdrawal, the Commission quite literally had nothing left to consider from a procedural point of view.

The Commission contends that the decision to proceed with the hearing was proper because "[a]fter the withdrawal of the Cease and Desist Order the Commission treated that order as a notice of hearing." The Commission seems to argue that when it vacated the cease and desist order, it succeeded in transforming the order into a proper notice of hearing. We cannot agree. The constitutional guarantees of due process are applicable to administrative as well as judicial proceedings. *Begis v. Industrial Board of the Department of Labor and Industry,* 9 Pa. Commonwealth Ct. 558, 308 A. 2d 643 (1973).

A hearing, which has been scheduled at the request of a citizen, for the specific purpose of considering matters determined by a summary order, may not be held after the summary order has been vacated.

In accordance with the above, we therefore

## ORDER

AND, NOW, this 28th day of October, 1975, the order of the Pennsylvania Securities Commission, dated April 30, 1974, is hereby reversed.