Department of Insurance, Commonwealth of Pennsylvania *v.* Thomas J. MacFarland, Appellant.

Argued September 14, 1976, before Judges Crum-
lish, Jr., Wilkinson, Jr. and Rogers, sitting as a panel
of three.

*Thomas F. Burke, Jr.,* with him *Flanagan, Doran,
Biscontini & Shaffer,* for appellant.

*John H. Isom,* Assistant Attorney General, with
him *Paul F. Donohue,* Assistant Attorney General,
*Andrew F. Giffin,* Assistant Attorney General, and
*Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 1,
1976:

This is an appeal from an adjudication and order
of the Commonwealth of Pennsylvania, Department
of Insurance (Department), denying the application
of Thomas J. MacFarland (Appellant) for licensing
as an insurance agent. Previous to this, by adjudica-
tion and order of the Department, Appellant's license
as an agent had been permanently revoked for fraudu-
lent conversion of insurance premiums.

A formal hearing was held on Appellant's applica-
tion in December of 1974. This hearing was conducted

by James Keeney, the Department hearing examiner. Following an initial order denying the application, Appellant sought Department review. On October 20, 1975, the Insurance Commissioner (Commissioner) reaffirmed his earlier order denying Appellant's application. Sometime subsequent to the initial hearing but prior to either of the Commissioner's orders, Mr. Keeney left the Department. It is Appellant's contention that the apparent nonparticipation of the hearing examiner was improper.

Framed differently, Appellant alleges a denial of procedural due process based upon an assumed nonparticipation by the examiner in the adjudication. It is well settled that due process guarantees apply to administrative as well as judicial proceedings. *Pioneer Finance Co. v. Pennsylvania Securities Commission*, 21 Pa. Commonwealth Ct. 447, 346 A.2d 890 (1975). The due process concept in this context is particularly important in light of the significance of Appellant's credibility to a determination of Appellant's rehabilitation in establishing his fitness for a license.

Regulation 35.203, 1 Pa. Code §35.203, controls the issue raised by Appellant. It provides as follows:

> Unavailability of presiding officer. If a presiding officer becomes unavailable to the agency, the agency head, will either designate another qualified officer to prepare a proposed report or will cause the record to be certified to it for decision, as may be deemed appropriate, giving notice to the parties.

We find nothing in the record which enables us to find compliance by the Department with the foregoing regulation.[1]

We therefore must

---

[1] Appellant has appended to his brief a letter dated July 31, 1975, from the Department in response to his own earlier letter of

## ORDER

AND Now, this 1st day of December, 1976, the order of the Department of Insurance denying the license application of Thomas J. MacFarland is hereby reversed and the matter is remanded to the Insurance Commissioner with a direction that a full hearing be held to determine the merits of the application.

---

July 14, 1975. Though this letter does refer to Mr. Keeney's departure from the Department, it was not made a part of the record and we cannot rely upon it to establish compliance with Regulation 35.203.