Belle Vernon Area School District, Appellant *v.* Thomas J. Gilmer, Jr., Appellee.

Argued May 5, 1980, before Judges WILKINSON, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*John E. Costello,* for appellant.

*Daniel Myshin, Anto, Myshin & Martin,* for appellee.

*Michael I. Levin,* with him *William Fearen,* for Pennsylvania School Boards Association, amicus curiae.

604

OPINION BY JUDGE WILKINSON, JR., May 30, 1980: ·

On May 11, 1978 the Board of School Directors of the Belle Vernon Area School District (Board) charged Thomas J. Gilmer, Jr., the Superintendent of the Belle Vernon Area School District (Superintendent) with neglect of duty and incompetence. The Superintendent was suspended without pay or benefits pending a hearing before the Board pursuant to the Local Agency Law, 2 Pa. C.S. §551 et seq.

The Superintendent was provided with a list of charges and a Bill of Particulars, although neither was signed. The Superintendent was represented by legal counsel of his choosing, although he was not allowed to conduct a voir dire of the Board to determine bias or prejudice against him. Interrogatories which he served on the Board were not answered.. The Solicitor for the school ·district presented the evidence against the Superintendent at the Board hearings. The Board hired independent legal counsel to advise them during the hearings and their deliberations thereafter.

Hearings were held on May 24, 1978; May 31, 1978; June 6, 1978; and June 9, 1978. The Board made 36 findings of fact on 20 charges in deciding to terminate the Superintendent.

The Superintendent appealed to the Court of Common Pleas of Westmoreland County, attacking his termination on the basis that he was not granted a due process hearing. It was alleged that members of the Board had attacked the Superintendent while running for their offices and that evidence of the bias against Superintendent was excluded from the hearing by denying interrogations and voir dire examination. The Superintendent also contended that a pre-hearing article in a local newspaper based on an interview with the Board's solicitor, who was not representing it at the hearings, tainted the entire proceedings.

The lower court, finding evidence of bias, decided that the Superintendent was denied a due process

hearing and reversed the Board, reinstating the Superintendent.

Due process guarantees apply to administrative as well as judicial proceedings. *Department of Insurance v. MacFarland*, 27 Pa. Commonwealth Ct. 248, 366 A.2d 957 (1976). Further, the record in the instant case supports the finding of prejudice, or at least an appearance of bias against the Superintendent, which justifies the withdrawal of the matter from the Board.

Nonetheless, the finding of bias on the part of the Board does not justify the reinstatement of the Superintendent. If the Board cannot fairly hear charges against the Superintendent this does not mean that his conduct is beyond review.

If a court cannot affirm an adjudication under the Local Agency Law it is empowered to enter any order authorized by Section 706 of the Judical Code, 42 Pa. C.S. §706:

> An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances.

While an individual should not be judged by a panel prejudiced against him, neither should the disqualification of a reviewing panel immunize the individual from review of substantial allegations of wrongdoing. The lower court could have and should have conducted a de novo hearing at which the evidence against the Superintendent could be presented and at which he could fairly defend himself.

Accordingly, we enter the following

### ORDER

AND NOW, May 30, 1980, the Order of the Court of Common Pleas of Westmoreland County docketed

to Civil Action—Law No. 5807 of 1978, dated July 11, 1979, reversing the decision of the Belle Vernon Area School Board and reinstating Thomas J. Gilmer, Jr. as Superintendent of Schools of the Belle Vernon Area School District, is reversed and the record remanded for action consistent with this opinion.