**In Re: Jerry Bonner's, Inc. t/a Alice A's**

*John S. Fine, Jr.,* for appellant.
*Thomas Kilroe,* for appellee.

BROMINSKI, *J.,* March 26, 1985—This matter comes before the court upon Appeal of Jerry Bonner's, Inc., t/a Alice A's, from a three day suspension of their Liquor License.

The reason for the suspension was permitting sales to minors on February 17, 1982.

The reason for the appeal is that the suspension was not supported by the facts in evidence and the board's delay in rendering a decision until October 26, 1984. (The hearing was held on April 29, 1982), and this did irreparable harm to the appellant, as well as denial of due process.

At the hearing de novo the following facts were elicited:

James J. Prorock, a Liquor Control Board Agent, testified that on Wednesday, February 17, 1982, he arrived, in the company of Officer Kalinowski, at the licensed premises at 9:50 p.m., and that there were approximately 40 patrons present. The doorman was collecting a $4.00 cover charge and was checking cards at the door. At 10:20 p.m. a detail of board officers arrived for an open inspection and their investigation found three persons to be under 21, (between 19 and 20), all of whom were possessing and consuming draft beer. That Mr. Bonner was on the premises and the witness questioned him about the

minor identification file. Bonner produced it and it didn't contain any cards for the minors in question. They departed at 10:55 p.m.

On cross-examination Officer Prorock verified that the doorman was checking identifications and that he didn't know that the three were minors until he was informed by the other officers.

Karen Ann Tarnalicki, date of birth April 8, 1962, testified that on February 17, 1982 she was on the licensed premises and that she drank beer; that, other than by the Liquor Control Board Officers, she was not asked her age; and that she was not accompanied by a parent or a guardian.

On cross-examination the witness testified that on February 17, 1982, her name was Prozeralick and that she was on the premises with her husband, Louis; that she noticed people being asked for identification, that it was a single line; that she had her license, but that she wasn't 21.

Louis Paul Tarnalicki, date of birth July 11, 1961, testified that he paid his four dollars, went to the bar and got a pitcher of beer.

On cross-examination he testified that he entered with his wife; that people were asked about their identification; that most of the people showed photo driver's licenses; and that he was not asked to sign a minor's identification card.

Leo Michael Kastreva, date of birth May 26, 1961, testified that on the date in question he came to the licensed premises with four friends and that one of them was turned away by the doorman because he couldn't produce identification; that the witness observed two or three other patrons being turned away by the doorman; that he was not asked to sign the minor's identification card; and that he later was taken back into the kitchen with the Liquor Control Board Agents and Mr. Bonner.

The Commonwealth rested.

Frank Bonner, called on behalf of appellant, testified that he was an officer of the licensed establishment known as Alice A's; that on Wednesday, February 17, 1982 they had a beer bash from 9:30 p.m. to 1:00 a.m.; that the charge was four dollars for all the beer you can drink; that on February 17th, 1982 he was at the door; a bartender, who has since moved to New York, and his brother, John, were also at the door; that two were carding and one was taking the money; that everyone was carded that night; that they have a minor I.D. card file and he remembers asking one of them to sign it; that the waitresses and waiters are mostly college kids that work a couple of weeks and then leave; that the Liquor Control Board made copies of the minor I.D. cards and took them with them and he does not have the originals; that one bartender who was there on the night in question is now a stock broker in New York somewhere; that on the night in question he turned away about 50 patrons; that the kids try every trick in the book to get into a beer bash; that they turned away 50 to 75 patrons on Wednesday nights; that he questioned all those he believed were underage and asked them to sign the minor I.D. cards; that he has no records of employees dating back to February 17, 1982; that he has tried to locate the employees, but to no avail; that one said he was going to Florida.

John Bonner was next to testify. He is Secretary-Treasurer of Alice A's. It was stipulated that his testimony would be the same as his brother's, Frank Bonner.

## DISCUSSION

From the testimony, the court finds as a matter of fact, that all of the patrons were carded the night of

February 17, 1982, but the decision need not rest upon that fact alone.

The Liquor Code provides, in section 4-471, 47 P.S. §4-471, that upon learning of any violation, the Board may cite a licensee to appear before it or its examiner, and if satisfied that a violation has been committed, the Board shall immediately suspend. It further states that ". . . hearings on such citations shall be held in the same manner as provided herein for hearings on applications for license." Section 4-464 provides that the examiner shall report to the Board upon said hearing. This was not done here. That constitutes lack of due process. Dept. of Insurance v. MacFarland, 27 Pa. Commw. 248, 366 A.2d 957 (1976).

Furthermore, the hearing before the examiner was held on April 29, 1982 and the license was not suspended until October 26, 1984, which does not meet the definition of "immediately". This prejudices appellant in that witnesses were not available.

For the foregoing reasons, the court enters the following

## ORDER

It is hereby ordered, adjudged and decreed that the suspension imposed on the licensee by the Pennsylvania Liquor Control Board, beginning November 26, 1984 and ending November 29, 1984, be set aside.