2 F.3d 308
 In re COMPLAINT OF John DOE*
JCP No. 92-040.
 Judicial Council of the Eighth Circuit.
July 27, 1993.
 
 Before RICHARD S. ARNOLD, Chief Circuit Judge, McMILLIAN, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL, and BEAM, Circuit Judges, MURPHY, STROM, WOLLE, and REASONER, Chief District Judges, and LIMBAUGH, BATTEY, and CONMY, District Judges.
 RICHARD S. ARNOLD, Chief Circuit Judge.
 
 
 1
 The Judicial Council of the Eighth Circuit has before it a petition for review in this judicial-conduct proceeding brought under the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980, 28 U.S.C. Sec. 372(c). The complaint names as respondents most of the current members of the Council.[1] The appeal comes from an order entered by Judge David Hansen of the Court of Appeals. The Chief Judge of the Court of Appeals, who would normally handle judicial-conduct complaints at the initial stage, disqualified himself because he was named as a respondent. At the direction of the Chief Judge, the Clerk of the Court of Appeals referred the complaint to Judge Hansen, the most senior member of the Court of Appeals in regular active service who was not named as a respondent. Judge Hansen dismissed the complaint in a written order explaining his reasons, and petitioner then sought review from the Council.
 
 
 2
 Ordinarily, judges who were members of the Judicial Council when the complaint was filed on September 28, 1992, would refrain now from reviewing Judge Hansen's order, because those judges were listed in the complaint. The three new members of the Council, only two of whom were not parties to this proceeding, do not make up a quorum and cannot, themselves, decide this matter. Thus, the Judicial Council would ordinarily be disqualified from ruling on the complaint. On the other hand, the statute, 28 U.S.C. Sec. 372(c)(10), requires the Council to review Judge Hansen's order. If the Council does not do this, the complainant will be denied his right of appellate review. It is possible for the Council of another circuit to be designated to hear the appeal, and in fact this has occurred in some cases, but this procedure is not authorized by statute, and we therefore do not believe it would be appropriate to use it. The statute is silent as to what happens when the majority of a Council is disqualified.
 
 
 3
 The commentary to the rules issued to implement Sec. 372(c) recognizes that, although 28 U.S.C. Sec. 291(a) permits the Chief Justice of the United States to assign a circuit judge from another circuit to serve as acting chief judge if no circuit judge is available to do so, no statute authorizes transferring a judicial-conduct complaint to another body. The commentary nonetheless encourages designation of another judicial council to hear the matter:
 
 
 4
 If a quorum of the judicial council cannot be obtained to act on a petition for review of a chief judge's order, there is no evident statutory vehicle for assigning the matter to another body, but we believe it would be appropriate to do so. Among other alternatives, the court might ask the judicial council of another circuit to consider the petition or might ask the Chief Justice to assign the matter to either the judicial council of another circuit or the Judicial Conference Committee to Review Judicial Conduct and Disability Orders.
 
 
 5
 Commentary on Rule 18 of the Rules for Processing Complaints Against Judges of the Eighth Circuit (effective July 22, 1992). A virtually identical passage appears in the Commentary on Rule 18 of the Illustrative Rules Governing Complaints of Judicial Misconduct and Disability.[2]
 
 
 6
 On the other hand, the draft report of the National Commission on Judicial Discipline and Removal, issued in June 1993, expressed the view that these "present arrangements ... impose unacceptable costs." Draft Report and Tentative Recommendations 109 (1993). The Commission recommends amending the Illustrative Rules
 
 
 7
 to permit chief judges and judicial councils to invoke a rule of necessity in order to dispose of multiple judge complaints that otherwise would require multiple disqualifications, making disposition impracticable without intercircuit assignments or other unnecessarily burdensome means.
 
 Id.[3]
 
 8
 We do not believe that the commentary to our Rules requires, as a matter of law, that we seek the designation of another Council to hear this petition for review. The absence of a statute authorizing such a procedure weighs heavily on our minds in considering what to do. The legality of the action of designated Council members from another circuit could well be questioned. Nor do we believe that an express codified reference (either in the Rules or the commentary) to the Rule of Necessity should be required before the Rule can be lawfully invoked. The Rule of Necessity is part of the common law of judicial procedure, available to judges when the reasons behind it are present. Considering the doubtful legality of a cross-circuit designation, the burdensomeness of that procedure, and the patent insubstantiality of the pending petition, we think the best course is to decide this case ourselves, using the Rule of Necessity.
 
 
 9
 This is the type of situation in which the long-standing Rule of Necessity applies. This Rule provides that if the judges who ordinarily would hear the case are likely to disqualify themselves because of their interest in its outcome, they may hear the case if, otherwise, it would not be heard at all. United States v. Will, 449 U.S. 200, 212-13, 101 S.Ct. 471, 479-80, 66 L.Ed.2d 392 (1980). Will traces the long history of the Rule of Necessity and explains that its purpose is to ensure litigants the right to review of their claims. Id. at 213-17, 101 S.Ct. at 480-81. At issue in Will was whether any Article III judge could hear challenges to various judicial-compensation provisions when all Article III judges had a financial interest in the outcome. The Supreme Court held that the Rule of Necessity prevailed over the obligations of the judges to disqualify themselves. Id. at 217, 101 S.Ct. at 481. This same reasoning applies here, where the Council would be disqualified because most of its members were named in the complaint. If those judges do not hear his case, the complainant is left without the appellate review Congress intended him to have. The Council therefore holds that the Rule of Necessity permits it to review this case, and we now do so.
 
 
 10
 The Judicial Council affirms Judge Hansen's order of November 25, 1992. Complainant raises many related claims in his initial complaint and his petition for review, and he elaborates on them in a total of 75 issues listed in Exhibits 2 and 3 to his petition for review. They need be only summarized here.
 
 
 11
 The Complainant expresses discontent with the federal search warrant, the conduct of his attorney, the prosecutor, a witness, the trial judge, and the trial process in his 1976 conviction for a drug-related crime. He believes that his conviction was falsely manufactured by members of the Judiciary and the attorneys. These assertions are defenses to his prosecution or objections to the trial process that could have been raised on appeal or on request for post-conviction relief.[4] The Judicial Council does not have jurisdiction to rule on arguments like these, which go to the merits of a case or procedure at trial. 28 U.S.C. Sec. 372(c)(2)(A)(ii). This same reason precludes our reviewing claims that the government seized and sold some of complainant's properties, retained some money posted as a bail bond, and converted other money and property of his. These claims could have been, and at least some of them have been, brought up in separate lawsuits, and we have no jurisdiction to consider them here.
 
 
 12
 Complainant also argues that many federal judges, including those complained against here, conspired, during the past 17 years, to conceal his allegedly false prosecution by forging documents and by ruling against him in many of his numerous, related cases, including federal civil rights actions. These claims are entirely frivolous. Complainant cites no evidence of any such conspiracy or of any individual cover-up, and he gives us no reason to believe that such evidence exists. He says nothing showing that he was denied fair hearings on his many grievances. These claims were justly dismissed as frivolous under 28 U.S.C. Sec. 372(c)(3)(A)(iii).
 
 
 13
 Finally, complainant's main argument is that all of the above claims arose because the judges and other court personnel colluded to discriminate against him because of his race and class. He also asserts that the dismissal of two of his previous judicial-conduct complaints for want of jurisdiction were approved by the Council for these same, improper reasons. These conclusory allegations are, as Judge Hansen said, frivolous. Complainant gives absolutely no reason to believe that his misfortunes, and his lack of success in obtaining injunctions, damages, or a reversal of his conviction in the federal courts, are attributable to racial or class-based bias on the part of judges or other court personnel. The Council recognizes that racism and disdain for impoverished people persist in some quarters of our society. But complainant has not explained why he thinks the many court decisions, decided against him on the merits or for jurisdictional or procedural reasons, were really prompted by these abhorrent attitudes. The fact is that the various courts and the Judicial Council have made their rulings in good faith and in accordance with their best understanding of the law and the facts in each case. Accordingly, the Council affirms Judge Hansen's order dismissing these claims as frivolous.
 
 
 14
 It is so ordered.
 
 
 
 *
 Under Rule 4(f)(1) of the Rules for Processing Complaints Against Judges and Magistrate Judges of the Eighth Circuit, the names of the complainant and the judicial officer complained against are to remain confidential, except in special circumstances not here present
 
 
 [1]
 The Judicial Council of the Eighth Circuit is composed of the Chief Judge of the Court of Appeals, the next seven circuit judges in regular active service in order of seniority, and a district judge from each of the seven states within the Circuit. Eleven active judges serve on the Court of Appeals. Thus, the three judges junior in commission are not members of the Council. Judge Loken, Judge Hansen, and Judge Morris S. Arnold now occupy these three positions
 
 
 [2]
 The Illustrative Rules were issued by the Judicial Conference of the United States as suggestions to be considered by each Circuit Council
 
 
 [3]
 The final report is due, by statute, on or before August 2, 1993. A copy of this opinion is being sent to the Commission for its consideration in connection with the preparation of the final report
 
 
 [4]
 And, indeed, many of them appear to have been so raised. Complainant appealed his conviction and sought post-conviction relief, both unsuccessfully. He also raised in various civil suits these same issues and allegations of seizures and conversions of his property. In fact, complainant, by his own admission, has filed some 66 lawsuits and 16 judicial-conduct complaints in various circuits, including the Sixth Circuit, the District of Columbia Circuit, and this one. This Judicial Council has ruled on some of these claims before, and the Sixth Circuit has rejected many of the same ones also