**STROUDSBURG AREA SCHOOL
DISTRICT, Petitioner,**

v.

**Bridget E. KELLY, D. Ed., Respondent
(Two Cases).**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1997.
Decided Oct. 30, 1997.

John E. Freund, III, Allentown, for petitioner.

James A. Swetz, Stroudsburg, for respondent.

Before PELLEGRINI and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

PELLEGRINI, Judge.

The Stroudsburg Area School District (District) appeals from the Secretary of Education's (Secretary) orders[1] refusing to hear a dismissal charge against a professional employee because the Secretary lacked jurisdiction.

Bridget E. Kelly, D. Ed., was the principal of Stroudsburg Area High School until she was suspended with pay by the Superintendent of the District on August 13, 1996, pending the filing of termination charges. The District subsequently served a statement of charges and notice of hearing upon Kelly requesting her dismissal as a professional

---

**1.** The District filed an appeal from the Secretary's order dated March 6, 1997, at No. 839 C.D.1997, and an appeal from the Secretary's order dated April 21, 1997, at No. 1320 C.D. 1997. On June 30, 1997, the District filed a motion to consolidate its appeals, which was granted by this Court on July 2, 1997.

employee on the grounds of incompetence, intemperance, willful neglect of duties, persistent negligence, persistent and willful violation, and failure to comply with school laws, official directives and school policy. Hearings regarding the dismissal of professional employees are governed by Section 1129 of the School Code,[2] 24 P.S. § 11–1129, which provides, in relevant part:

> After fully hearing the charges or complaints and hearing all witnesses produced by the board and the person against whom the charges are pending, and *after full, impartial and unbiased consideration thereof,* the board of school directors shall by a two-thirds vote of all the members thereof … determine whether such charges or complaints have been sustained and whether the evidence substantiates such charges and complaints, and if so determined shall discharge such professional employe. *If less than two-thirds of all of the members of the board vote in favor of the discharge, the professional employe shall be retained and the complaint shall be dismissed.* (Emphasis added).

24 P.S. § 11–1129.

Prior to the dismissal hearing, Kelly questioned whether she would receive a fair hearing because of the potential bias of three School Board members against whom she had filed civil rights actions challenging the suspension and discharge of this and a prior three-day suspension.[3] Another bias problem that the District felt existed was that a member of the School Board openly supported Kelly in the newspapers and wore a green ribbon in her support. After a hearing, the School Board determined by a vote of five to three that it was unable to provide Kelly with a fair and impartial hearing. Because Section 1129 of the School Code requires that six members were required to

vote and only three members had not, in effect, recused, no hearing was held.[4] Without explaining how it intended to do so, the School Board then unanimously voted to continue Kelly's suspension with pay until a hearing could be held to determine whether she should be dismissed.

At a subsequent School Board meeting and prior to any hearing, a motion was made to rescind Kelly's suspension and return her to her position as high school principal. The School Board President refused to entertain that motion, apparently based on a belief that it would be inappropriate for a biased School Board to vote on any matter involving Kelly. Attempting to break the conundrum of giving Kelly the required hearing which it refused to provide, the District filed a petition with the Secretary of Education seeking to have him conduct, in their stead, the *de novo* hearing and decide whether to terminate Kelly.

Kelly filed two proceedings in the Court of Common Pleas of Monroe County (trial court), challenging the actions of the School Board's President in not allowing the vote on her reinstatement to take place. One was a complaint in mandamus to require the School Board to vote on the motions made to reinstate her. The trial court denied that request and dismissed the action because the School Board had expressly recognized its inability to render an impartial decision, and there is no mandatory duty of a biased school board to determine whether a professional employee should be dismissed.

The other proceeding, a local agency appeal, also challenged the action of the School Board President in refusing to allow the vote on Kelly's reinstatement. She contended that the School Board's President's action in refusing a vote on the motion was an adjudication under the Local Agency Law[5] and

---

2. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101 –27–2702.

3. We note that Kelly now waives any issues of bias of the School Board or its inability to conduct an impartial hearing.

4. At the time her dismissal charges were pending, the School Board had nine available positions, eight of which were filled with one vacan-

cy. Because Section 1129 of the School Code requires that a professional employee subject to termination be dismissed by at least two-thirds of the School Board, six votes were required to effectuate a valid dismissal.

5. The trial court held that even though local agencies include school boards so that it has jurisdiction over determinations of school boards under the Local Agency Law, 2 Pa.C.S. §§ 551–

constituted an abuse of his discretion. Rather than deciding the local agency appeal as posited by Kelly, the trial court concluded that because of the acknowledged bias of the School Board, the more appropriate forum to hear the charges against her and whether she would be terminated was the Secretary of Education and transferred the local agency appeal [6] to him.[7]

The Secretary, in considering both Kelly's local agency appeal transferred to him by the trial court as well as the District's petition that he hear the dismissal proceedings in his original jurisdiction, concluded in separate orders that he lacked jurisdiction under Section 1131 of the School Code, 24 P.S. § 11–1131. That Section provides, in relevant part:

> In case the professional employe concerned considers himself or herself aggrieved by the action of the *board of school directors*, an appeal by petition, setting forth the grounds for such appeal, may be taken to the [Secretary of Education] … The [Secretary of Education] shall review the official transcript of the record of *the hearing before the board*, and may hear and consider such additional testimony as he may deem advisable to enable him to make a proper order … After hearing and argument and reviewing all the testimony filed or taken before him, the [Secretary of Education] *shall enter such order, either affirming or reversing the action of the board of school directors*, as to him

appears just and proper. (Emphasis added).

24 P.S. § 11–1131.

■ The Secretary found that though the School Code gives him jurisdiction only to conduct a *de novo review* of the dismissal of a School Board's dismissal of a professional employee, it does not permit him to conduct a *de novo hearing*. He also held that even if a majority of its members were biased, the School Board, under the Rule of Necessity, could still resolve the outstanding dismissal charges against Kelly. The School Board then filed the instant appeal.[8]

■ The School District contends that the Secretary of Education has jurisdiction to conduct the original hearing on Kelly's dismissal because of the bias of the School Board. It argues that the School Board should not be placed in a position to hear this case when it has declared itself biased and there is an alternative forum available, i.e., the Secretary. However, just because it has found that it could not give Kelly a fair and impartial hearing, it cannot vest the Secretary with jurisdiction he does not have.

Under Section 1131 of the School Code, a school board must conduct the disciplinary hearing and determine whether the dismissal of a professional employee is warranted. Only *after* a school board makes a record and renders a determination is the Secretary vested with jurisdiction and authority to conduct a *de novo* review. *Krupinski v. Vocational Technical School, Eastern Northampton County*, 544 Pa. 58, 674 A.2d 683 (1996); *Belasco v. Board of Public Education*, 510

555, §§ 751–754, it held that it lacks jurisdiction over an appeal from an action of a school superintendent as was the case in Kelly's appeal.

6. Kelly appealed to this court the order of the trial court denying her appeal and transferring the matter to the Secretary of Education, but her appeal, docketed at No. 531 C.D.1997, was withdrawn.

7. That transfer was undertaken pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), which provides:

> If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district justice shall

not quash such appeal or dismiss the matter but shall transfer the record thereof to the proper court or magisterial district of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee court or magisterial district on the date first filed in a court or magisterial district.

8. Our scope or review of a decision of the Secretary of Education is limited to a determination of whether the Secretary's findings of fact are supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Forest Area School District v. Shoup*, 153 Pa.Cmwlth. 423, 621 A.2d 1121 (1993).

Pa. 504, 510 A.2d 337 (1986).[9] Without jurisdiction, the Secretary cannot serve as an alternative forum to hear the dismissal charges.

 Moreover, the Secretary is not somehow vested with jurisdiction just because the School Board has declared itself biased. In fact, the opposite occurs because of the principle that agencies are always required to carry out their statutorily or constitutionally mandated duties. When so many members of an agency recuse themselves due to bias, to carry out its duties, out of necessity, the agency is required to vote. This concept, appropriately known as the Rule of Necessity, is a common law principle that provides that when all members of a tribunal or so many that there is not a quorum are subject to recusal, the tribunal must consider the case despite the personal interest or bias of its members, because otherwise the agency could not carry out its duties and the litigants would be denied a decision in the matter. *Sherman v. Kaiser*, 664 A.2d 221 (Pa.Cmwlth.1995); *see also Reilly v. Southeastern Pennsylvania Transportation Authority*, 507 Pa. 204, 489 A.2d 1291 (1985). Recently, in *Siteman v. City of Allentown*, 695 A.2d 888 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, —— Pa. ——, —— A.2d —— (October 10, 1997), so many city council members disqualified themselves that there were insufficient members left for a quorum to hold a hearing on charges brought against a police officer. Because no alternative forum was available, we invoked the Rule of Necessity, holding that "[i]f all of the members of a tribunal are subject to recusal, the tribunal must consider the case despite the personal interest or bias of the members; otherwise the public and the litigants would be denied a decision in the matter." *Id.*, citing *Sherman, supra.*

Just as in *Siteman*, the Rule of Necessity requires the School Board to carry out its statutory duty and hear Kelly's case. Only then, if Kelly appeals, does the Secretary have jurisdiction to conduct a *de novo* review. Accordingly, we affirm the orders of the Secretary of Education remanding this case to the School Board to conduct a proper hearing, establish a record and render a decision.

### ORDER

AND NOW, this 30th day of October, 1997, the orders of the Secretary of Education, dated March 6, 1997, and April 21, 1997, are affirmed.

---

9. The School District also contends that it has followed the requisite procedures under *Belle Vernon Area School District v. Gilmer*, 51 Pa. Cmwlth. 603, 415 A.2d 121 (1980), and *Foster v. Board of School Directors of Keystone Oaks School District*, 678 A.2d 1214 (Pa.Cmwlth. 1996). Neither *Belle Vernon* nor *Foster* are applicable here because neither involve the dismissal of a professional employee, Section 1131 of the School Code requiring that the school board must first adjudicate dismissal charges against a professional employee, or the Rule of Necessity. Moreover, nothing in *Belle Vernon* or *Foster* require that the Secretary, in his original jurisdiction, conduct a *de novo* hearing.