642 F.3d 663 (2011)
In re Complaint of John DOE.[1]
Nos. 08-11-90022, 08-11-90023, 08-11-90024, 08-11-90025, 08-11-90026, 08-11-90027, 08-11-90028, 08-11-90029, 08-11-90030, 08-11-90031, 08-11-90032, 08-11-90033, 08-11-90034, 08-11-90035, 08-11-90036, 08-11-90037, 08-11-90038, 08-11-90039, 08-11-90040, 08-11-90041, 08-11-90042, 08-11-90043, 08-11-90044, 08-11-90045, 08-11-90046, 08-11-90047, 08-11-90048.
Judicial Council of the Eighth Circuit.
May 24, 2011.
*664 WILLIAM JAY RILEY, Chief Judge.
Before me is a judicial complaint against twenty-seven Article III judges. The judicial complaint is related to a prior judicial complaint filed by complainant last year against four of the twenty-seven judges.
In June 2010, I dismissed complainant's prior judicial complaint in a written order. See JCP Nos. 08-10-90018 through XX-XX-XXXXX. A review panel affirmed the order. Complainant demanded further review and threatened to sue all of the judges involved in the decision. The clerk informed complainant there was no further review and any lawsuit against the judges should, if filed, be docketed in the district court.
In February 2011, complainant filed this judicial complaint against me, three other circuit judges, three district judges, and "all the judges that was on the Judicial Council of the United States District Court, and United States Court of Appeal for the Eighth Circuit." Adherence to the historic maxim that "no man can be a judge in his own case," In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955), here would leave no one in the Eighth Circuit to rule on this judicial complaint. If the usual rules of recusal were to apply, the practical effect of complainant's decision to name all members of the Judicial Council as subject judges is to deprive complainant of any review whatsoever, because the Judicial Council includes every member of the Eighth Circuit Court of Appeals, as well as a member from each judicial district. See In re Complaint of Doe, 2 F.3d 308, 310 (8th Cir. Jud. Council 1993) (Arnold, R.S., J.); Commentary to Judicial-Conduct and Judicial-Disability Proceedings of the Judicial Conference of the United States (J.C.U.S.) Rule 25.
The J.C.U.S. provides narrow exceptions to its recusal rules. Where, as here, all regular active circuit judges are named as respondents in a judicial complaint, the Judicial Council "may determine whether to request a transfer [to another circuit] under Rule 26, or, in the interest of sound judicial administration, to permit the chief judge to dispose of the *665 complaint on the merits." J.C.U.S. Rule 25(f). The Commentary to Rule 25 recognizes "multiple-judge complaints are virtually always meritless" and recommends a transfer "only if the judicial council determines that the petition is substantial enough to warrant such action." Commentary to id. Rule 25 is "a rule of necessity ... consistent with the appearance of justice," because "[t]here is no unfairness in permitting the chief judge to dispose of a patently insubstantial complaint that names all active circuit judges in the circuit." Id.
Pursuant to J.C.U.S. Rule 25, I submitted to the Judicial Council the question whether this judicial complaint should be transferred to another circuit or resolved on the merits by the undersigned. In April 2011, by a vote of 19 to 1, the Judicial Council directed me to rule on the merits of the complaint. (To obtain a quorum, members of the Judicial Council who are judges subject to the complaint may vote on whether to transfer or refer the judicial complaint. See J.C.U.S. Rule 25(f)). I now do so.
Complainant revisits his complaint about the trial judge and the lawyers in his underlying case and again alleges the trial judge abused its discretion in handling complainant's medical and other relevant records. These charges are merits related and a proper subject for a direct appeal, not a judicial complaint. See J.C.U.S. Rule 11(c)(1)(B); see also JCP Nos. 08-10-90018 through XX-XX-XXXXX.
Complainant then turns to the judges now named, alleging they "abuse[d] their discretion because they are part of the grand scale in this massive monopoly [i.e., the courts] to racially discriminate against African Americans." The complainant alleges all twenty-seven subject judges are racist and anti-prisoner. For example, the complainant asserts the judges "all are sending a message through the land saying if you are Black and or in prison you have no rights" and "we don't care if you are right we are not going to let you win in our white court system." The complainant claims the judges "have used these courts as a monopoly to make money off of the poor Black inmates" in order to, among other things, "buy big homes, new car[s], [and] other[]wise ... get[] FAT OFF THE LAND." The complainant urges me to investigate and publicize my findings or "go ahead and deny this complaint so I can go forward with my lawsuit against all of these judges and attorneys."
I find complainant's allegations are "frivolous [and] lacking sufficient evidence to raise an inference that misconduct has occurred." 28 U.S.C. § 352(b)(1)(A)(iii); see J.C.U.S. Rules 11(c)(1)(C) and (D). The words of the late Chief Judge Richard S. Arnold once again ring true:
[C]omplainant's main argument is that... the judges and other court personnel colluded to discriminate against him because of his race and class. He also asserts that the dismissal of two of his previous judicial-conduct complaints for want of jurisdiction were approved by the Council for these same, improper reasons. These conclusory allegations are ... frivolous. Complainant gives absolutely no reason to believe that his misfortunes, and his lack of success in obtaining injunctions, damages, or a reversal of his conviction in the federal courts, are attributable to racial or class-based bias on the part of judges or other court personnel. The Council recognizes that racism and disdain for impoverished people persist in some quarters of our society. But complainant has not explained why he thinks the many court decisions, decided against him ... were really prompted by these abhorrent attitudes. *666 The fact is that the various courts and the Judicial Council have made their rulings in good faith and in accordance with their best understanding of the law and the facts in each case.
Complaint of Doe, 2 F.3d at 308. Chief Judge Arnold's precise reasoning applies here. It is unfortunate complainant harbors these misperceptions and dwells upon them, for the charges are unsupported and vexatious.
Accordingly, I dismiss the complaint on its merits as frivolous. The complainant is advised that the filing of future frivolous judicial complaints may result in sanctions, including, but not limited to, the imposition of conditions upon the complainant's use of the judicial complaint process. See In re Petition of Doe, 70 F.3d 56, 60 (8th Cir. Jud. Council 1995).
NOTES
[1] Under Rule 4(f)(1) of the Eighth Circuit Rules Governing Complaints of Judicial Misconduct and Disability, the names of the complainant and the judicial officer complained against are to remain confidential, except in special circumstances not present here.