**In the MATTER OF A CHARGE OF JUDICIAL MISCONDUCT OR DISABILITY**

**Judicial Council Complaint No. 98–11.**

United States Court of Appeals, District of Columbia Circuit.

March 24, 1998.

Before: EDWARDS, Chief Judge of the Circuit.

### ORDER

Upon consideration of the complaint herein, filed against the three judges of the Division to Appoint Independent Counsels of the Court of Appeals for the District of Columbia Circuit pursuant to the Judicial Councils Reform and Judicial Conduct and Disability Act

of 1980 and the Rules of the Judicial Council for the District of Columbia Circuit Governing Complaints of Judicial Misconduct or Disability, it is

**ORDERED,** for the reasons stated in the attached Opinion, that, as to two of the judges, the complaint be dismissed for improper venue and, as to the remaining judge, the complaint be dismissed as not in conformity with 28 U.S.C. § 372(c)(1) (1994).

The Clerk is directed to send copies of this Order and accompanying Opinion to complainants and the subject judges. *See* 28 U.S.C. § 372(c)(3) (1994); D.C.CIR. JUD. MISCONDUCT R. 4(f)(1).

EDWARDS, Chief Judge:

This matter involves a complaint of judicial misconduct, arising pursuant to the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980 ("the Judicial Councils Act"), which seeks to ensure that federal court of appeals, district, bankruptcy, and magistrate judges will not "engage[ ] in conduct prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 372(c)(1) (1994). "Any person" who has reason to believe that a judge has engaged in such conduct may file a written complaint, along with a brief statement of the facts constituting such conduct, with the Clerk of the Court of Appeals. *Id.* The matter is then referred to the Chief Judge of the Circuit, who, by written order, may dismiss the complaint if it is (i) not in conformity with section 372(c)(1); (ii) directly related to the merits of a decision or procedural ruling; or (iii) frivolous. *See* 28 U.S.C. § 372(c)(3)(A) (1994); D.C. CIR. JUD. MISCONDUCT R. 4(c)(1).

The instant complaint involves charges against the three judges who serve as members of the Court of Appeals' Division to Appoint Independent Counsels ("the Special Division"). *See* 28 U.S.C. § 49 (1994). The complaint alleges that the judges engaged in misconduct by granting the Attorney General's request to expand Independent Counsel Kenneth Starr's jurisdiction to include an investigation as to "whether Monica Lewinsky or others suborned perjury, obstructed justice, intimidated witnesses, or otherwise

violated federal law ... in dealing with witnesses, potential witnesses, attorneys, or others concerning the civil case *Jones v. Clinton.*" Order, Division No. 94–1, filed January 16, 1998 (unsealed by Order filed Jan. 29, 1998); *see also* Complaint 98–11 at ¶ 2. For the reasons that follow, the complaint must be dismissed.

## I. BACKGROUND

There are three members of the Special Division, each of whom is appointed by the Chief Justice of the United States for a two-year term. To establish a base of operation, Congress designated the Special Division a "division of the United States Court of Appeals for the District of Columbia [Circuit]," 28 U.S.C. § 49(a); however, the Special Division is in no way involved with the judicial work of the D.C. Circuit. One appointee to the Special Division is selected from the D.C. Circuit, and the other two appointees are selected from two other circuits. The authority to appoint independent counsels is the principal responsibility of the Special Division.

The appointment authority of the Special Division is defined in detail in the Ethics in Government Act of 1978, as amended by the Independent Counsel Reauthorization Acts of 1987 and 1994 (collectively "the Ethics Act"). *See generally* 28 U.S.C. §§ 591–599 (1994 & Supp.1995). Under the Ethics Act, the Special Division acts, upon receipt of an application from the Attorney General, to designate an independent counsel charged with the investigation and possible prosecution of criminal violations by certain high-ranking federal government officials. *See* 28 U.S.C. § 593.

In January 1994, during the period between the most recent expiration and reauthorization of the independent counsel statute, the Attorney General exercised her authority under 28 U.S.C. § 543 (1994) (appointment of special attorneys) to appoint Robert B. Fiske, Jr., as an independent counsel to investigate the so-called Whitewater matter. *See* Independent Counsel: In re Madison Guaranty Savings & Loan Association, 59 Fed.Reg. 5,321 (1994) (establishing office of independent counsel and

defining Whitewater jurisdiction). After the enactment of the 1994 Reauthorization Act, the Attorney General applied to the Special Division for the appointment of an independent counsel under the Act, and, on August 5, 1994, the Special Division appointed Kenneth W. Starr to be the Whitewater independent counsel.

On January 16, 1998, the Attorney General submitted an application for the expansion of Independent Counsel Starr's jurisdiction to include authority to investigate "Monica Lewinsky or any other individual" for "perjury and suborning perjury as a witness" in the civil case *Jones v. Clinton.* Notification to the Court of the Initiation of a Preliminary Investigation and Application to the Court for the Expansion of the Jurisdiction of an Independent Counsel (filed Jan. 16, 1998) ("Application for Expansion of Jurisdiction"). As required under 28 U.S.C. § 592(c)(1), the application stated (i) that the Attorney General had commenced a preliminary investigation of this matter; (ii) that, in light of the allegations, it would be a conflict of interest for the Department of Justice to investigate the matter; and (iii) that further investigation of the matter was warranted. *See* Application for Expansion of Jurisdiction. In support of these statements, the application refers to a taped conversation between Lewinsky and a cooperating witness. *See id.* at 2.

Under the Ethics Act, "[i]f the Attorney General determines that there are reasonable grounds to believe that further investigation is warranted," the Special Division "shall expand the jurisdiction of the appropriate independent counsel to include the matters involved." 28 U.S.C. § 593(c)(2)(C)(ii). Accordingly, the Special Division issued an order on January 16, 1998, which was later unsealed on January 29, 1998, expanding Independent Counsel Starr's jurisdiction to include, *inter alia,* authority to investigate "whether Monica Lewinsky or others suborned perjury, obstructed justice, intimidated witnesses, or otherwise violated federal law ... in dealing with witnesses, potential witnesses, attorneys, or others concerning the civil case *Jones v. Clinton.*" Order, Division No. 94–1, filed January 16, 1998 (unsealed by Order filed Jan. 29, 1998).

Complainants contend that the judges of the Special Division engaged in misconduct by granting the Attorney General's request to expand the Independent Counsel's jurisdiction for two reasons: (1) the evidence upon which the expansion request was based was illegally obtained; and, (2) Monica Lewinsky is not among the persons listed in 28 U.S.C. § 591(b) and, therefore, she cannot be made the subject of an investigation under the Ethics Act.

## II. THE JURISDICTION OF THE JUDICIAL COUNCIL FOR THE D.C. CIRCUIT TO CONSIDER THIS MATTER

█ As has already been noted in an earlier opinion, there is a jurisdictional question as to whether members of the Special Division are subject to disciplinary proceedings in this circuit as a result of the conduct of their duties for the Special Division. *See In Matter of Charge of Judicial Misconduct or Disability,* 39 F.3d 374, 377–379 (D.C.Cir. 1994). Nonetheless, I will assume for purposes of processing the pending complaint that the Judicial Council for the District of Columbia Circuit has jurisdiction to consider this case, at least as to the judge who serves on the Court of Appeals for the D.C. Circuit.

█ As to the two judges who do not normally sit within this circuit, the complaint must be dismissed without prejudice to the complainants' right to refile in the judges' home circuits. To the extent that their work for the Special Division can properly be considered "the business" of the Court of Appeals for the D.C. Circuit, these subject judges are essentially "visiting" judges from other circuits and, as such, they are subject to the disciplinary authority of their home circuits rather than this one. *See* D.C. CIR. JUD. MISCONDUCT R. 1(c) ("These rules apply ... only to judges of the Court of Appeals for the D.C. Circuit and to district judges, bankruptcy judges, and magistrate judges *of federal courts within the circuit.*") (emphasis added); *id.,* Commentary ("This language is intended to make it clear that the circuit in which a judge holds office is the appropriate circuit in which to file a complaint. Accord-

ingly, complaints against a visiting judge *to* this circuit should be filed in the circuit where such judge holds office. Complaints against a visiting judge *from* this circuit should be filed here.").

## III. DOES THE COMPLAINT ALLEGE CONDUCT PROPERLY REVIEWABLE BY MEANS OF A MISCONDUCT PROCEEDING?

■ Complainants allege that the subject judge from this circuit engaged in misconduct by approving the Attorney General's request for an expansion of the Independent Counsel's jurisdiction, because (1) the tape recordings of Monica Lewinsky, upon which the application for expansion of jurisdiction were based, were obtained illegally; and (2) Monica Lewinsky is not among the persons listed in 28 U.S.C. § 591(b) and, therefore, is not a proper subject of investigation under the Ethics Act. In short, complainants contend that the subject judge erred in ruling on the Attorney General's application for expansion of jurisdiction. It is clear that such claims of "error" are not matters reviewable by means of a judicial misconduct complaint.

Under both the Judicial Councils Act and the rules of this circuit, a misconduct complaint is not an appropriate vehicle by which to challenge the merits of a judge's decision or procedural ruling. *See* 28 U.S.C. § 372(c)(3)(A) ("[T]he chief judge ... may dismiss the complaint, if he finds it to be ... directly related to the merits of a decision or procedural ruling."); D.C. CIR. JUD. MISCONDUCT R. 1(b) (" 'Conduct prejudicial to the effective and expeditious administration of the business of the courts' ... does not include making wrong decisions—even very wrong decisions—in cases."). Although the decision at issue might not technically be classified as a "judicial decision" or a decision "in a case," *see Morrison v. Olson,* 487 U.S. 654, 678–79, 108 S.Ct. 2597, 2612–13, 101 L.Ed.2d 569 (1988) (Special Division power to define jurisdiction of Independent Counsel derives from Article II appointment power rather than Article III judicial power); *In the Matter of Charge of Judicial Misconduct or Disability,* 39 F.3d at 378 (Special Division acts pursuant to Article II power, not

Article III judicial power), there is no reason to believe that a misconduct proceeding is any more appropriate as a vehicle for substantive review of Special Division decisions than it is for review of traditional judicial decisions. Thus, even if complainants' allegations are true (*i.e.,* the evidence upon which the Attorney General's expansion application was based was indeed illegally obtained and Monica Lewinsky is not, in fact, a proper subject of Independent Counsel investigation under the Ethics Act), and even if the Special Division erred in granting the Attorney General's expansion request as a result, a judicial misconduct proceeding is not a forum in which that error could be addressed.

Because the merits of the Special Division's decision are not reviewable in this proceeding, it is unnecessary to address two substantive questions implicitly raised by complainants' challenge to the expansion of jurisdiction. The first question is whether, when the Attorney General requests an expansion of the jurisdiction of an existing independent counsel in accordance with the procedures set forth in 28 U.S.C. § 593(c), the Special Division has any discretion under the statute to require that investigation of the matters involved be assigned to a new independent counsel rather than the existing one named in the Attorney General's request. *See* 28 U.S.C. § 593(c)(1) ("The division ... upon the request of the Attorney General, *may* expand the prosecutorial jurisdiction of an independent counsel, and such expansion *may* be in lieu of the appointment of another independent counsel.") (emphasis added). And there may be a question as to' whether any discretion possessed by the Special Division is fettered and, if so, by what terms. A related, but distinct, inquiry is whether the Special Division, acting under § 593(c), has the right to refuse to expand independent counsel jurisdiction altogether— *i.e.,* to refuse to expand the jurisdiction of the existing independent counsel named in the Attorney General's expansion request *and* to refuse to assign the new jurisdiction to another independent counsel. *Compare* § 593(c)(1) ("The division ... upon the request of the Attorney General, *may* expand the prosecutorial jurisdiction of an indepen-

dent counsel, and such expansion *may* be in lieu of the appointment of another independent counsel.") (emphasis added), *with* § 593(c)(2)(C) ("If ... the Attorney General determines that there are reasonable grounds to believe that further investigation is warranted," the Special Division *"shall* expand the jurisdiction of the appropriate independent counsel to include the matters involved or *shall* appoint another independent counsel to investigate such matters.") (emphasis added), *and United States v. Tucker,* 78 F.3d 1313, 1322 (8th Cir.1996) ("If, after a 28 U.S.C. § 592 ... preliminary investigation, the Attorney General determines that further investigation is warranted, the Special Division then *must* either expand the existing [independent counsel's] jurisdiction or appoint another independent counsel.") (emphasis added). Although I recognize that complainants' challenge may purport to raise these questions, I can find no good reason to resolve either of the issues posed in the context of this proceeding.

Finally, it is worth noting that at least one of complainants' objections to the expansion of jurisdiction is obviously misguided. Complainants argue that Monica Lewinsky is not an appropriate subject of independent counsel investigation under 28 U.S.C. § 591(b), because she is not among the high-ranking government officials listed in the statute. However, complainants ignore § 591(c), which authorizes investigation of persons not listed in § 592(b) if the Attorney General determines that investigation of those persons by the Department of Justice might "result in a personal, financial, or political conflict of interest." 28 U.S.C. § 591(c)(1). It is that subsection of the statute that the Attorney General cited in support of her request for expansion of jurisdiction.

■ To the extent that complainants' objection is that there was no reasonable basis upon which the *Attorney General* could have determined that further investigation of these matters by an Independent Counsel was warranted, complainants must pursue

that objection in another forum. The Judicial Councils Act and the rules of this circuit governing complaints of judicial misconduct cover judges, not the Attorney General. *See* 28 U.S.C. 372(c)(1) (allowing for complaints against a "circuit, district, or bankruptcy judge, or a magistrate"); D.C. CIR. JUD. MISCONDUCT R. 1(c) ("These rules apply ... only to judges of the Court of Appeals for the D.C. Circuit and to district judges, bankruptcy judges, and magistrate judges of federal courts within the circuit."); *cf. United States v. Tucker,* 78 F.3d at 1318 (" '[A]n Attorney General's determinations under the independent counsel law are not subject to judicial review.' ") (*quoting* H.R. CONF. REP. No. 452, 100th Cong., 1st Sess. 22 (1987), *reprinted in* 1987 U.S.C.C.A.N. 2185, 2188).

## IV. CONCLUSION

For the reasons stated above, the complaint is dismissed for failure to conform to 28 U.S.C. § 372(c)(1).[1]

**1.** Pursuant to 28 U.S.C. § 372(c)(10) (1994) and D.C. CIR. JUD. MISCONDUCT R. 5, complainants may file a petition for review by the Judicial Council for the District of Columbia Circuit. Any petition must be filed in the Office of the Clerk of the

Court of Appeals within 30 days of the date of the Clerk's letter transmitting the dismissal Order and this Opinion. *See* D.C. CIR. JUD. MISCONDUCT R. 6(a).