170 F.3d 1152

## In the Matter of a CHARGE OF JUDICIAL MISCONDUCT OR DISABILITY.

### Judicial Council Complaint No. 99-1.

Judicial Council of the District of Columbia Circuit.

March 24, 1999.

Before: EDWARDS, Chief Judge of the Circuit.

## ORDER

Upon consideration of the complaint herein, filed against a judge of the Court of Appeals for the District of Columbia Circuit pursuant to the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980 and the Rules of the Judicial Council for the District of Columbia Circuit Governing Complaints of Judicial Misconduct or Disability, it is

**ORDERED,** for the reasons stated in the attached Opinion, that the complaint be dismissed.

The Clerk is directed to send copies of this Order and accompanying Opinion to complainant and the subject judge. *See* 28 U.S.C. § 372(c)(3) (1994); D.C.CIR.JUD.MIS-CONDUCT R. 4(f)(1).

HARRY T. EDWARDS, Chief Judge:

This matter involves a complaint of judicial misconduct, arising pursuant to the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980 ("Judicial Councils Act"), which seeks to ensure that federal court of appeals, district, bankruptcy, and magistrate judges will not "engage[ ] in conduct prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 372(c)(1) (1994). "Any person" who has reason to believe that a judge has engaged in such conduct may file a written complaint, along with a brief statement of the facts constituting such conduct, with the Clerk of the Court of Appeals. *Id.* The matter is then referred to the Chief Judge of the Circuit, who, by written order, may dismiss the complaint ·if it is (i) not in conformity with section 372(c)(1), (ii) directly related to the merits of a decision or procedural ruling, or (iii) frivolous. *See* 28 U.S.C. § 372(c)(3)(A) (1994); D.C. CIR. JUD. MISCON-DUCT R. 4(c)(1).

The instant complaint involves charges against a judge of the United States Court of Appeals for the D.C. Circuit who serves as a member of the division of the court designated to appoint independent counsels ("Special Division"). *See* 28 U.S.C. § 49 (1994). The complaint alleges that the judge engaged in misconduct when the Special Division on which he serves issued an order directing the Justice Department and Independent Counsel Kenneth Starr to respond to an Application for Judicial Notice and Writ of Prohibition filed by the Landmark Legal Foundation. For the reasons that follow, the complaint must be dismissed.

## I. BACKGROUND

The Special Division has three members, each of whom is appointed by the Chief Justice of the United States for a two-year term. Although the Special Division is in no way involved with the judicial work of the D.C. Circuit, Congress created the Special Division as a "division of the United States Court of Appeals for the District of Columbia [Circuit]," 28 U.S.C. § 49(a), in order to give the Special Division a base of operations. One appointee to the Special Division is selected from the D.C. Circuit, and the other two appointees are selected from two other Circuits. The appointment of independent counsels is the principal responsibility of the Special Division.

The appointment authority of the Special Division is defined in detail in the Ethics in Government Act of 1978, as amended by the Independent Counsel Reauthorization Acts of 1987 and 1994 (collectively, "Ethics Act"). *See generally* 28 U.S.C. §§ 591–599 (1994 & Supp.1995). Under the Ethics Act, the Special Division acts, upon receipt of an application from the Attorney General, to designate an independent counsel charged with the investigation and possible prosecution of criminal violations by certain high-ranking federal government officials. *See* 28 U.S.C. § 593.

The basic facts of Independent Counsel Starr's appointment and investigation are widely known and need not be repeated here.· *See, e.g., United States v. Hubbell,* 167 F.3d 552 (D.C.Cir.1999); *In re Charge of Judicial Misconduct or Disability,* 141 · F.3d 333 (D.C.Cir.1998). The latest chapter of the story, which has given rise to this complaint, began on February 10, 1999, when various media outlets reported that the Department of Justice had begun an investigation into whether Independent Counsel Starr or his staff violated departmental rules and prosecutorial guidelines in violation of the Ethics Act. *See* 28 U.S.C. § 594(f)(1) ("[A]n independent counsel shall, except to the extent

that to do so would be inconsistent with the purposes of this chapter, comply with the written or other established policies of the Department of Justice respecting enforcement of the criminal laws"). The next day, February 11, 1999, Landmark Legal Foundation filed an Application for Judicial Notice and Writ of Prohibition ("Application") instructing the Attorney General and her staff to cease any investigation of Independent Counsel Starr and his staff for ethical violations or other wrongdoing, arguing that the authority to oversee the conduct of the Independent Counsel is vested in Congress rather than the Attorney General. On February 19, 1999, the judge who is the subject of this complaint, along with the other members of the Special Division, issued a *per curiam* order directing the Attorney General and Independent Counsel to respond to Landmark's Application.

On March 8, 1999, complainant filed the instant complaint, asserting that the subject judge engaged in misconduct by joining in the order directing the Attorney General and Independent Counsel to respond to the Application. The complainant argues that, because the subject judge and the Independent Counsel previously served together as judicial colleagues on the D.C. Circuit, the judge's impartiality could reasonably be questioned if he acted in any case in which Mr. Starr was a party. Complainant appears to assume that, because they served together as members of the U.S. Court of Appeals for the D.C. Circuit for 20 months and "sat on various, perhaps even numerous, three judge panels" together, the judge and Mr. Starr must be close friends. *See* Complaint of Judicial Misconduct 99–1 ("Complaint") at 1.

On March 18, 1999, after this complaint had been filed and after the Attorney General and Independent Counsel had responded to the Special Division's order, the Special Division dismissed Landmark's application, finding that Landmark lacked standing to pursue its claim and that the Ethics Act does not authorize the Special Division to review any action by the Attorney General with regard to the Independent Counsel. *In re Madison Guaranty Savings & Loan Ass'n*, 173 F.3d 866 (D.C.Cir.1999) (per curiam).

## II. THE JURISDICTION OF THE JUDICIAL COUNCIL FOR THE D.C. CIRCUIT TO CONSIDER THIS MATTER

As a preliminary matter, I note that there is a jurisdictional question as to whether members of the Special Division are subject to disciplinary proceedings in this circuit as a result of the conduct of their duties for the Special Division. *See In re Charge of Judicial Misconduct or Disability*, 141 F.3d 333, 335 (D.C.Cir.1998); *In re Charge of Judicial Misconduct or Disability*, 39 F.3d 374, 377–79 (D.C.Cir.1994). This issue has been avoided in prior misconduct proceedings. Once again, I find it unnecessary to address the issue here. Rather, I will assume again for purposes of processing the pending complaint that the Judicial Council for the District of Columbia Circuit has jurisdiction to consider this case.

## III. DOES THE COMPLAINT PRESENT NON–FRIVOLOUS GROUNDS FOR A MISCONDUCT PROCEEDING?

In support of his allegations of misconduct, complainant cites *United States v. Tucker*, 78 F.3d 1313 (8th Cir.1996), and *In re Charge of Judicial Misconduct or Disability*, 85 F.3d 701 (D.C.Cir.1996). *Tucker* involved a case in which a District Court judge had dismissed an indictment secured by the Independent Counsel against Arkansas Governor Jim Guy Tucker. On appeal, the Eighth Circuit reversed the dismissal of the indictment. The court then ruled that, given a possible appearance of partiality, the case should be reassigned to a different District Court judge on remand. In *Tucker*, there had been a variety of news articles connecting the District Judge and Hillary Rodham Clinton, and the District Judge himself had publicly indicated that he would recuse himself if issues arose regarding the Clintons, because of his relationship with the First Lady. For their part, the President and Mrs. Clinton reportedly expressed continued support for Tucker following his indictment. Tucker, in turn, had publicly claimed that the prosecution against him was designed to tar the President. Under these circumstances, the Eighth Circuit concluded that there was an appearance of partiality and that reassign-

ment to another District Judge would "preserve the appearance and reality of justice." *Tucker*, 78 F.3d at 1324.

Subsequently, in *In re Charge of Judicial Misconduct or Disability*, the Judicial Council of this Circuit affirmed the dismissal of a misconduct complaint in a case in which it was claimed that the subject judge's friendship with a Senator who supported the appointment of an independent counsel to investigate the late Secretary of Commerce created an appearance of bias, tainting the subject judge's participation in the appointment. The Judicial Council, distinguishing *Tucker*, said *"Tucker* would resemble this matter only if the Senator were the subject of a criminal proceeding over which the Special Division judge was presiding. Then there could be room for supposing the judge's rulings might be affected." *In re Charge of Judicial Misconduct or Disability*, 85 F.3d at 705. The complainant here contends that the hypothetical situation raised in *Charge of Judicial Misconduct or Disability* is the precise situation raised in this case. Complaint at 4. I disagree.

First, there is no reasonable basis upon which to conclude that the subject judge and the Independent Counsel are close friends. The fact that the subject judge and the Independent Counsel sat on various three-judge panels together during the 20 months that they both sat on this court does not necessarily or logically lead to the conclusion that they were close friends then or that they are close friends now, ten years later.

Second, the disputed order in this case, in which the Special Division merely directed the Attorney General and the Independent Counsel to "respond" to the Application that had been filed by Landmark Legal Founda-

tion, is a far cry from the hypothetical posed in *Charge of Judicial Misconduct or Disability*. In joining an order that merely sought a response to a filing by a third party, the subject judge was not "presiding" over a "criminal proceeding" involving a close friend. The order was not in any way a ruling on the merits of the case. Indeed, following receipt of the response that had been sought, the subject judge and his colleagues ruled that "[t]he Special Division has 'no power to review ... any of the actions of the Attorney General with regard to the [independent] counsel.'" *In re Madison Guaranty Savings & Loan Ass'n*, 173 F.3d at 870 (quoting *Morrison v. Olson*, 487 U.S. 654, 683, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988)).

Presumably, complainant's concern here was that the subject judge would seek to thwart any investigation of the Independent Counsel in order to protect his "friend." The Special Division's unanimous decision refusing to intervene and stop the investigation completely undercuts complainant's allegation of bias. In short, the claim of bias is entirely unsupported and thus frivolous. *See Complaint of Doe*, 2 F.3d 308, 311 (8th Cir. Jud. Council 1993) (dismissing as frivolous unsupported allegations of bias and conspiracy).

## IV. CONCLUSION

For the reasons stated above, the complaint is dismissed as frivolous under 28 U.S.C. § 372(c)(3)(A)(iii) (1994).[1]

---

1. Pursuant to 28 U.S.C. § 372(c)(10) (1994) and D.C. CIR. JUD MISCONDUCT R. 5, complainant may file a petition for review by the Judicial Council for the District of Columbia Circuit. Any petition must be filed in the Office of the Clerk of the Court of Appeals within 30 days of the date of the Clerk's letter transmitting the dismissal Order and this Opinion. *See* D.C. CIR. JUD. MISCONDUCT R. 6(a).