The Judicial Council

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Filed March 24, 1999

 In the Matter of a Charge of Judicial 

 Misconduct or Disability

 Judicial Council Complaint 

 No. 99-1

 ---------

 BEFORE: Edwards, Chief Judge of the Circuit.

 O R D E R

 Upon consideration of the complaint herein, filed against a 
judge of the Court of Appeals for the District of Columbia 
Circuit pursuant to the Judicial Councils Reform and Judicial 
Conduct and Disability Act of 1980 and the Rules of the 
Judicial Council for the District of Columbia Circuit Govern-
ing Complaints of Judicial Misconduct or Disability, it is

 ORDERED, for the reasons stated in the attached Opinion, 
that the complaint be dismissed.

 The Clerk is directed to send copies of this Order and 
accompanying Opinion to complainant and the subject judge. 


See 28 U.S.C. s 372(c)(3) (1994); D.C. Cir. Jud. Misconduct 
R. 4(f)(1).

 ____________________________

 Harry T. Edwards, Chief Judge

 District of Columbia Circuit

 The Judicial Council

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Filed March 24, 1999

 In the Matter of a Charge of Judicial 

 Misconduct or Disability

 ---------

 Judicial Council Complaint 

 No. 99-1

 ---------

 BEFORE: Edwards, Chief Judge of the Circuit.

 Edwards, Chief Judge: This matter involves a complaint of 
judicial misconduct, arising pursuant to the Judicial Councils 
Reform and Judicial Conduct and Disability Act of 1980 
("Judicial Councils Act"), which seeks to ensure that federal 
court of appeals, district, bankruptcy, and magistrate judges 
will not "engage[ ] in conduct prejudicial to the effective and 
expeditious administration of the business of the courts." 28 
U.S.C. s 372(c)(1) (1994). "Any person" who has reason to 
believe that a judge has engaged in such conduct may file a 
written complaint, along with a brief statement of the facts 
constituting such conduct, with the Clerk of the Court of 
Appeals. Id. The matter is then referred to the Chief Judge 
of the Circuit, who, by written order, may dismiss the com-
plaint if it is (i) not in conformity with section 372(c)(1), (ii) 
directly related to the merits of a decision or procedural 
ruling, or (iii) frivolous. See 28 U.S.C. s 372(c)(3)(A) (1994); 
D.C. Cir. Jud. Misconduct R. 4(c)(1).

 The instant complaint involves charges against a judge of 
the United States Court of Appeals for the D.C. Circuit who 
serves as a member of the division of the court designated to 
appoint independent counsels ("Special Division"). See 28 
U.S.C. s 49 (1994). The complaint alleges that the judge 
engaged in misconduct when the Special Division on which he 
serves issued an order directing the Justice Department and 
Independent Counsel Kenneth Starr to respond to an Appli-
cation for Judicial Notice and Writ of Prohibition filed by the 
Landmark Legal Foundation. For the reasons that follow, 
the complaint must be dismissed.

 I. BACKGROUND

 The Special Division has three members, each of whom is 
appointed by the Chief Justice of the United States for a two-
year term. Although the Special Division is in no way 
involved with the judicial work of the D.C. Circuit, Congress 
created the Special Division as a "division of the United 
States Court of Appeals for the District of Columbia [Cir-
cuit]," 28 U.S.C. s 49(a), in order to give the Special Division 
a base of operations. One appointee to the Special Division is 
selected from the D.C. Circuit, and the other two appointees 
are selected from two other Circuits. The appointment of 
independent counsels is the principal responsibility of the 
Special Division.

 The appointment authority of the Special Division is de-
fined in detail in the Ethics in Government Act of 1978, as 
amended by the Independent Counsel Reauthorization Acts 
of 1987 and 1994 (collectively, "Ethics Act"). See generally 
28 U.S.C. ss 591-599 (1994 & Supp. 1995). Under the Ethics 
Act, the Special Division acts, upon receipt of an application 
from the Attorney General, to designate an independent 
counsel charged with the investigation and possible prosecu-
tion of criminal violations by certain high-ranking federal 
government officials. See 28 U.S.C. s 593.

 The basic facts of Independent Counsel Starr's appoint-
ment and investigation are widely known and need not be 
repeated here. See, e.g., United States v. Hubbell, No. 
78-3080 (D.C. Cir. Jan. 26, 1999); In re Charge of Judicial 
Misconduct or Disability (No. 98-11), 141 F.3d 333 (D.C. Cir. 

1998). The latest chapter of the story, which has given rise 
to this complaint, began on February 10, 1999, when various 
media outlets reported that the Department of Justice had 
begun an investigation into whether Independent Counsel 
Starr or his staff violated departmental rules and prosecutori-
al guidelines in violation of the Ethics Act. See 28 U.S.C. 
s 594(f)(1) ("[A]n independent counsel shall, except to the 
extent that to do so would be inconsistent with the purposes 
of this chapter, comply with the written or other established 
policies of the Department of Justice respecting enforcement 
of the criminal laws"). The next day, February 11, 1999, 
Landmark Legal Foundation filed an Application for Judicial 
Notice and Writ of Prohibition ("Application") instructing the 
Attorney General and her staff to cease any investigation of 
Independent Counsel Starr and his staff for ethical violations 
or other wrongdoing, arguing that the authority to oversee 
the conduct of the Independent Counsel is vested in Congress 
rather than the Attorney General. On February 19, 1999, the 
judge who is the subject of this complaint, along with the 
other members of the Special Division, issued a per curiam 
order directing the Attorney General and Independent Coun-
sel to respond to Landmark's Application.

 On March 8, 1999, complainant filed the instant complaint, 
asserting that the subject judge engaged in misconduct by 
joining in the order directing the Attorney General and 
Independent Counsel to respond to the Application. The 
complainant argues that, because the subject judge and the 
Independent Counsel previously served together as judicial 
colleagues on the D.C. Circuit, the judge's impartiality could 
reasonably be questioned if he acted in any case in which Mr. 
Starr was a party. Complainant appears to assume that, 
because they served together as members of the U.S. Court 
of Appeals for the D.C. Circuit for 20 months and "sat on 
various, perhaps even numerous, three judge panels" togeth-
er, the judge and Mr. Starr must be close friends. See 
Complaint of Judicial Misconduct 99-1 ("Complaint") at 1.

 On March 18, 1999, after this complaint had been filed and 
after the Attorney General and Independent Counsel had 


responded to the Special Division's order, the Special Division 
dismissed Landmark's application, finding that Landmark 
lacked standing to pursue its claim and that the Ethics Act 
does not authorize the Special Division to review any action 
by the Attorney General with regard to the Independent 
Counsel. In re Madison Guaranty Savings & Loan Ass'n, 
Division No. 94-1 (D.C. Cir. Mar. 18, 1999) (per curiam).

 II. THE JURISDICTION OF 
 THE JUDICIAL COUNCIL FOR THE D.C. CIRCUIT 
 TO CONSIDER THIS MATTER

 As a preliminary matter, I note that there is a jurisdictional 
question as to whether members of the Special Division are 
subject to disciplinary proceedings in this circuit as a result of 
the conduct of their duties for the Special Division. See In re 
Charge of Judicial Misconduct or Disability (No. 98-11), 141 
F.3d 333, 335 (D.C. Cir. 1998); In re Charge of Judicial 
Misconduct or Disability (No. 94-8), 39 F.3d 374, 377-79 
(D.C. Cir. 1994). This issue has been avoided in prior miscon-
duct proceedings. Once again, I find it unnecessary to ad-
dress the issue here. Rather, I will assume again for pur-
poses of processing the pending complaint that the Judicial 
Council for the District of Columbia Circuit has jurisdiction to 
consider this case.

 III. DOES THE COMPLAINT PRESENT 
 NON-FRIVOLOUS GROUNDS FOR A 
 MISCONDUCT PROCEEDING?

 In support of his allegations of misconduct, complainant 
cites United States v. Tucker, 78 F.3d 1313 (8th Cir. 1996), 
and In re Charge of Judicial Misconduct or Disability (No. 
95-14), 85 F.3d 701 (D.C. Cir. 1996). Tucker involved a case 
in which a District Court judge had dismissed an indictment 
secured by the Independent Counsel against Arkansas Gover-
nor Jim Guy Tucker. On appeal, the Eighth Circuit reversed 
the dismissal of the indictment. The court then ruled that, 
given a possible appearance of partiality, the case should be 
reassigned to a different District Court judge on remand. In 
Tucker, there had been a variety of news articles connecting 

the District Judge and Hillary Rodham Clinton, and the 
District Judge himself had publicly indicated that he would 
recuse himself if issues arose regarding the Clintons, because 
of his relationship with the First Lady. For their part, the 
President and Mrs. Clinton reportedly expressed continued 
support for Tucker following his indictment. Tucker, in turn, 
had publicly claimed that the prosecution against him was 
designed to tar the President. Under these circumstances, 
the Eighth Circuit concluded that there was an appearance of 
partiality and that reassignment to another District Judge 
would "preserve the appearance and reality of justice." 
Tucker, 78 F.3d at 1324.

 Subsequently, in In re Charge of Judicial Misconduct or 
Disability (No. 95-14), the Judicial Council of this Circuit 
affirmed the dismissal of a misconduct complaint in a case in 
which it was claimed that the subject judge's friendship with 
a Senator who supported the appointment of an independent 
counsel to investigate the late Secretary of Commerce created 
an appearance of bias, tainting the subject judge's partic-
ipation in the appointment. The Judicial Council, distinguish-
ing Tucker, said "Tucker would resemble this matter only if 
the Senator were the subject of a criminal proceeding over 
which the Special Division judge was presiding. Then there 
could be room for supposing the judge's rulings might be 
affected." In re Charge of Judicial Misconduct or Disability 
(No. 95-14), 85 F.3d at 705. The complainant here contends 
that the hypothetical situation raised in Charge of Judicial 
Misconduct or Disability (No. 95-14) is the precise situation 
raised in this case. Complaint at 4. I disagree.

 First, there is no reasonable basis upon which to conclude 
that the subject judge and the Independent Counsel are close 
friends. The fact that the subject judge and the Independent 
Counsel sat on various three-judge panels together during the 
20 months that they both sat on this court does not necessari-
ly or logically lead to the conclusion that they were close 
friends then or that they are close friends now, ten years 
later.


 Second, the disputed order in this case, in which the Special 
Division merely directed the Attorney General and the Inde-
pendent Counsel to "respond" to the Application that had 
been filed by Landmark Legal Foundation, is a far cry from 
the hypothetical posed in Charge of Judicial Misconduct or 
Disability (No. 95-14). In joining an order that merely 
sought a response to a filing by a third party, the subject 
judge was not "presiding" over a "criminal proceeding" in-
volving a close friend. The order was not in any way a ruling 
on the merits of the case. Indeed, following receipt of the 
response that had been sought, the subject judge and his 
colleagues ruled that "[t]he Special Division has 'no power to 
review ... any of the actions of the Attorney General with 
regard to the [independent] counsel.' " In re Madison Guar-
anty Savings & Loan Ass'n, slip op. at 7 (quoting Morrison v. 
Olson, 487 U.S. 654, 683 (1988)).

 Presumably, complainant's concern here was that the sub-
ject judge would seek to thwart any investigation of the 
Independent Counsel in order to protect his "friend." The 
Special Division's unanimous decision refusing to intervene 
and stop the investigation completely undercuts complainant's 
allegation of bias. In short, the claim of bias is entirely 
unsupported and thus frivolous. See Complaint of Doe, 2 
F.3d 308, 311 (8th Cir. Jud. Council 1993) (dismissing as 
frivolous unsupported allegations of bias and conspiracy).

 IV. CONCLUSION

 For the reasons stated above, the complaint is dismissed as 
frivolous under 28 U.S.C. s 372(c)(3)(A)(iii) (1994).1

1 Pursuant to 28 U.S.C. s 372(c)(10) (1994) and D.C. Cir. Jud. 
Misconduct R. 5, complainant may file a petition for review by the 
Judicial Council for the District of Columbia Circuit. Any petition 
must be filed in the Office of the Clerk of the Court of Appeals 
within 30 days of the date of the Clerk's letter transmitting the 
dismissal Order and this Opinion. See D.C. Cir. Jud. Misconduct R. 
6(a).